IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GRADY HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2942-JDT-cgc |
| | ) | |
| JUDGE SKAHAN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO FILE A SIGNED COMPLAINT AND
DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE

On November 30, 2016, Plaintiff Grady Haynes, who is incarcerated at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Rule 11(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Plaintiff has not signed his complaint, as required by Rule 11(a).[1] Therefore, Plaintiff is ORDERED to file a signed version of his complaint within 30 days after the date of this order.[2]

---

[1] Plaintiff submitted only the first two pages of the three-page § 1983 complaint form, so it is possible that page three, which is the signature page, was inadvertently omitted.

[2] Plaintiff may, if he so chooses, file only the missing signature page rather than another complete copy of the complaint.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the last six months immediately preceding the filing of the complaint. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff was not accompanied by a certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, also within 30 days after the date of this order, either the entire $400 civil filing fee[3] or a copy of his trust account statement for the last six months.[4] If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore,* 114 F.3d at 605.

---

[3] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees…as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* umder 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

[4] Plaintiff does not need to submit another *in forma pauperis* affidavit.

If Plaintiff fails to file a signed copy of his complaint in a timely manner, the Court will strike the complaint and dismiss the action without prejudice for failure to prosecute, pursuant to Federal Rules of Civil Procedure 11(a) and 41(b). Likewise, if Plaintiff fails to file a copy of his inmate trust account statement in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore,* 114 F.3d at 605.[5]

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore,* 114 F.3d at 607; *see also In re Alea,* 286 F.3d 378, 381 (6th Cir. 2002).